```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
             CIVIL NO.: 25-412(DSD/DTS)
```

Sara Brisco,

    Plaintiff,

v.                                                      **ORDER**

Gerry Brisco, Delano Public
School System, Meeker and Wright
Special Education Cooperation,

    Defendants.

This matter is before the court upon the motions to dismiss by defendants Gerry Brisco and Delano Public School System, Meeker and Wright Special Education Cooperation.[1] Based on a review of the file, record, and proceedings herein, and for the following reasons, the motions are granted.

**BACKGROUND**

This civil rights case arises from pro se plaintiff Sara Brisco's coparenting relationship with her ex-husband defendant Gerry Brisco and her children's education in the District.

---

[1] Plaintiff does not distinguish between Delano Public School System and Meeker and Wright Special Education Cooperation in the complaint, so the court will refer to them collectively as the "District."

1

Plaintiff shares two special needs children with her ex-husband Gerry Brisco. Compl. ¶ 1. Much of the complaint alleges poor parenting by Mr. Brisco, including his unwillingness to send his children to a school that can best accommodate their educational needs. See id. ¶¶ 2-11, 16, 23.

Plaintiff also claims that the District has not handled her children's special needs in the educational setting as she would like. See id. ¶¶ 12-13, 17-19. She seems to specially allege that the District has insufficient staff to tend to her children's needs and that her eldest son was allowed access to technology that causes him distress, despite her request that he be restricted from using technology in school. Id. ¶¶ 17-19, 26. She also complains that she has had difficulty communicating directly with the District about her children's needs. Id. ¶ 23.

On February 3, 2025, plaintiff commenced this action alleging that Mr. Brisco and the District violated the Americans with Disabilities Act, 42 U.S.C. § 12132, by failing to adequately integrate her special needs children into the school setting. Id. at 11-12. She also alleges a "Next Friend Habeas Corpus" claim, alleging that Mr. Brisco[2] endangered his children in violation of

---

[2] Although unclear, this claim is apparently not made against the District, as it relates to a Minnesota statute aimed at reckless endangerment by a parent. Id. at 12-13.

2

Minn. Stat. § 609.378, subdiv. 1(b)(1). She lastly claims that Mr. Brisco and the District violated Minnesota's Child Abuse Reporting Act (CARA). Defendants now move to dismiss.

**DISCUSSION**

**I. Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

The court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985).

**II. ADA Claim**

The court will begin with a discussion of the ADA claim, as it is the sole basis for the court's jurisdiction under 28 U.S.C. § 1331. The relevant section of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Relevant to Mr. Brisco, the statute is specially directed to the conduct of public entities. Mr. Brisco is plainly not a public entity and therefore is not subject to liability under the ADA. As a result, plaintiff has not and cannot raise a claim against Mr. Brisco under the ADA.

As to the District, plaintiff has failed to plead a cognizable claim under the ADA. First, it is unclear how her vague allegations of insufficient staffing, her son's use of technology, and her communication difficulties with the District violate the

ADA.  Second, to the extent plaintiff relies on the regulation requiring public entities to administer services to qualified individuals in an integrated setting, 28 C.F.R. § 35,130(d), she does not explain how the District failed to meet this standard. Indeed, the complaint is devoid of any allegations that could support a claim under the ADA, even construed liberally.  The ADA claim therefore must be dismissed as not plausibly alleged.

The court declines to allow plaintiff the opportunity to replead this claim given the insufficiency of her complaint, and her failure to even suggest that possesses additional facts to support her claim.

### III. State Law Claims

Because the court has dismissed plaintiff's sole federal claim, there is no longer a basis for federal question jurisdiction.  The court may nevertheless consider whether to exercise supplemental jurisdiction over the remaining state-law claims for assault and battery.  See 28 U.S.C. § 1367(c)(3); Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to

5

exercise jurisdiction over the remaining state-law claims." Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 756 (8th Cir. 2010) (per curiam) (quoting Carnegie-Mellon Univ. v. Cahill, 484 U.S. 343, 350 n.7 (1988)); see also Kapaun v. Dziedzic, 674 F.2d 737, 739 (8th Cir. 1982) ("The normal practice where federal claims are dismissed prior to trial is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts.").

Based on consideration of the above-stated factors, the court declines to exercise supplemental jurisdiction over plaintiff's child endangerment and CARA claims, which depend solely on determinations of state law. See Farris v. Exotic Rubber & Plastics of Minn., Inc., 165 F. Supp. 2d 916, 919 (D. Minn. 2001) ("State courts, not federal courts, should be the final arbiters of state law.") (quoting Baggett v. First Nat'l Bank of Gainesville, 117 F.3d 1342, 1353 (11th Cir. 1997)). Further, the parties have yet to engage in discovery, and the court has not expended substantial resources tending to this matter. Under the circumstances, the court is satisfied that declining to exercise supplemental jurisdiction will not harm the parties or the proceedings. The court therefore dismisses the state law claims without prejudice.

**CONCLUSION**

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motions to dismiss [ECF Nos. 5, 12] are granted; and

2. This case is dismissed with prejudice as to Count I and without prejudice as to Counts II and III.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 10, 2025         s/David S. Doty
                              David S. Doty, Judge
                              United States District Court